MH

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcos Vaca,<br><br>Plaintiff,<br><br>v.<br><br>Eartha K. Washington, et al.,<br><br>Defendants. | No.  CV 22-00808-PHX-JAT (CDB)<br><br>**ORDER** |

On May 11, 2022, Plaintiff Marcos Vaca, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and a Motion for Appointment of Counsel.  In a May 24, 2022 Order, the Court gave Plaintiff 30 days to either pay the filing and administrative fees or file an in forma pauperis application.  On June 8, 2022, Plaintiff filed an Application to Proceed In Forma Pauperis (Doc. 5).  In a June 28, 2022 Order, the Court gave Plaintiff an opportunity to show cause why the dismissals of his prior lawsuits should not prevent him from proceeding in forma pauperis in this action pursuant to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).  Plaintiff was given 30 days to file a written response.  The Court did not receive a response from Plaintiff within the allotted time, and on August 17, 2022, the Clerk of Court entered Judgment, dismissing this action without prejudice.  On August 29, 2022, Plaintiff filed a Motion to Reinstate (Doc. 9).

. . . .

In his Motion to Reinstate, Plaintiff states that he sent a written response to the Court on July 10, 2022, but personnel at the Lower Buckeye Jail are tampering with his mail. Plaintiff attaches to his Motion copies of several Inmate Legal Requests submitted between July 10 and 24, 2022, in which he inquires about the status of a Motion to Show Cause that he mailed to the Court. Plaintiff also attaches a copy of his Motion to Show Cause, which is dated July 10, 2022. Based on this documentation, the Court will grant the Motion to Reinstate and direct the Clerk of Court to reopen this action.

**I.     Dismissal Pursuant to 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment in forma pauperis ("IFP") if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id*. at 1120.

Plaintiff does not dispute that the prior actions identified in the Court's June 28, 2022 Order to Show Cause[1] were dismissed for failure to state a claim, and the Court concludes that these actions qualify as "strikes" under § 1915(g).

---

[1] *Vaca v. La Paz Cty. Sheriff's Dep't*, CV 19-01369-PHX-JAT (CDB) (Sept. 24, 2019 Order dismissing first amended complaint for failure to state a claim, with leave to amend, and November 15, 2019 Judgment of dismissal for failure to file second amended complaint); *Vaca v. La Paz Cty. Sheriff's Dep't*, CV 18-01886-PHX-JAT (CDB) (July 25, 2019 Order and Judgment dismissing first amended complaint and action for failure to state

**II.     Imminent Danger**

A plaintiff who has three or more strikes may not bring a civil action without complete prepayment of the $350.00 filing fee and $52.00 administrative fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (quoting § 1915(g)). Moreover, although a court considering a motion to proceed in forma pauperis, "should not attempt to evaluate the seriousness of a plaintiff's claims[, . . . ] it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." *Taylor v. Watkins*, 623 F.3d 483, 485 (7th Cir. 2010).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews*, 493 F.3d at 1053. Claims concerning an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Plaintiff alleges in his Complaint that he was "coerce[d]" into pleading guilty, even though he advised the trial court that he had been in danger of being killed and "was only trying to save [his] life" at the time he committed the crime for which he was convicted. These allegations do not show that Plaintiff is in imminent danger of serious physical injury.

. . . .

. . . .

---

a claim); and *Vaca v. Trinity*, CV 18-02242-PHX-JAT (CDB) (May 30, 2019 Order and Judgment dismissing second amended complaint and action for failure to state a claim).

**III.   Conclusion**

The Court will deny Plaintiff's Application to Proceed In Forma Pauperis and will dismiss Plaintiff's Complaint and this action, without prejudice, pursuant to § 1915(g). If Plaintiff wants to reassert these claims in the future, he must prepay the entire $402.00 filing and administrative fees when he files his action.

**IT IS ORDERED:**

(1)   Plaintiff's Motion to Reinstate (Doc. 9) is **granted**. The Clerk of Court must **vacate** the Judgment (Doc. 8) and **reopen** this action.

(2)   Plaintiff's Application to Proceed In Forma Pauperis (Doc. 5) is **denied**.

(3)   Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must prepay the entire $402.00 filing and administrative fees when he files his action.

(4)   The Clerk of Court must enter judgment accordingly and close this case.

Dated this 26th day of September, 2022.

James A. Teilborg
Senior United States District Judge